# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF CHARLES D. LOMBINO, BAR NO. 8547.

No. 69243

FILED

JAN 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER APPROVING AMENDED CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Charles Lombino. Under the agreement, Lombino admitted to violations of RPC 1.4 (communication) and RPC 1.15 (safekeeping property), and the State Bar agreed to dismiss alleged violations of RPC 8.3 (reporting professional misconduct) and RPC 8.4 (misconduct).

Lombino was admitted to the practice of law in Nevada in 2003. At the time relevant to this matter, he was a partner in the Nevada law firm Hustwit & Lombino, Ltd. Lombino's partner, William Hustwit, convinced the firm's primary client Premiere One Holdings (POH) that he had a bank contact who could assist POH in settling mortgages on properties owned by the bank in bulk at a deeply discounted rate. Based on Hustwit's representations, POH wired a total of $451,000 into the Hustwit & Lombino trust account. Hustwit did not use the funds to purchase the properties and, despite several demands, did not refund the money to POH. Instead, some of the money ($240,000) was transferred to the accounts of entities owned by Hustwit and the rest was transferred to the law firm's general account. Lombino was not involved in Hustwit's

16-02329

scheme to defraud POH, did not review the trust account statements during the relevant time, and did not become aware of Hustwit's actions until POH sent a demand letter to the firm. At that point, Lombino accepted Hustwit's representations that the money would be repaid and waited about five months before contacting the State Bar.[1] During the time after he became aware of Hustwit's misappropriation of POH's funds, Lombino took $29,000 in draws from the law firm general account—money that Hustwit had misappropriated from POH.

In exchange for his guilty plea, Lombino agreed to (1) a six-month suspension from the practice of law; (2) pay restitution to POH in the amount of $29,000;[2] (3) pay the actual costs of the disciplinary proceeding, excluding bar counsel and staff salaries; and (4) submit copies of his monthly trust account statements and corresponding operating account statements, if he is a signatory to any trust account, no later than

---

[1]By the time that Lombino approached the State Bar, POH had already filed a grievance. It appears that Lombino was not aware of the pending grievance because the State Bar had focused its investigation and demand for information on Hustwit. This court permanently enjoined Hustwit, a California licensed attorney, from the practice of law in Nevada and required him to pay restitution to POH in the amount of $451,000 and $50,000 to the State Bar of Nevada Client Security Fund. *In re Discipline of William A. Hustwit*, Docket No. 67784 (Order of Injunction and Approving Decision, September 29, 2015).

[2]If the payments from Hustwit and Lombino exceed the sum of $451,000, the excess funds will be donated to the State Bar of Nevada Client Security Fund. Lombino is required to make good faith payments on a monthly basis until payment is made is full.

the 15th of each month for a period of two years following his return to the active practice of law in Nevada.[3]

Based on our review of the record, we conclude that the amended guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated, Lombino's mental state (negligence initially and then knowledge in failing to inform the client and the bar after he learned of Hustwit's actions), the injury caused, the aggravating circumstance (substantial experience in the practice of law), and the mitigating circumstance (cooperative attitude), we agree that a six-month suspension is appropriate. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (identifying four factors that must be weighed in determining the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors."); ABA Standards for Imposing Lawyer Sanctions, *Compendium of Prof'l Responsibility Rules and Standards*, Standard 4.12 (providing that absent aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"); *see also generally State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

---

[3]If the State Bar makes a written request to review copies of specific checks or wires, Lombino is required to respond within two weeks of the demand for additional bank account documentation.

We hereby suspend attorney Charles Lombino from the practice of law in Nevada for six months commencing from the date of this order. Additionally, Lombino must comply with all of the conditions in the plea agreement, as outlined above, and shall pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 90 days of receipt of the State Bar's bill of costs. *See* SCR 120. The parties shall comply with the relevant provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Douglas

_____, J.          _____, J.
Cherry                                Saitta

_____, J.          _____, J.
Gibbons                               Pickering

cc:   Chair, Southern Nevada Disciplinary Board
      William B. Terry, Chartered
      C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court